IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA


| | | |
|---|---|---|
| CHE TURNER, ED-7536, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No.  05-947 |
| | ) | |
| SUPT. DAVID DIGUGLIELMO, et al., | ) | |
| Respondents. | | |

Report and Recommendation

I. Recommendation:

It is respectfully recommended that the petition of Che Turner for a writ of habeas corpus

be dismissed, and that a certificate of probable cause be denied for failure to state a cognizable

federal claim.

II. Report:

Che Turner, an inmate at the State Correctional Institution at Graterford has presented a

petition for a writ of habeas corpus which he has been granted leave to prosecute in forma

pauperis.

Turner is presently serving a ten to twenty year sentence imposed upon his plea of guilty

to a charge of third degree homicide at No.1605 of 1999 in the Court of Common Pleas of

Beaver County, Pennsylvania. This sentence was imposed on February 11, 2000.  No appeal was

pursued.[1]

On February 27, 2001, the petitioner submitted a post-conviction petition to the Court of

---

[1] See: Petition at page 5.

Common Pleas.[2] That petition was denied on June 8, 2005.[3] No appeal was taken but on July 11, 2005, Turner submitted the instant petition for a writ of habeas corpus which he contends entitles him to relief on the grounds that he experienced:

> ineffective assistance of counsel - counsel failed to file motion to suppress state's key witness, failed to investigate witness' record and attack his credibility, coerced me into taking plea saying if I go to trial there is a 20-80 chance I'll get life and according to prosecution's case it was improbable I would have been convicted of either 1st or 2nd degree homicide which carries life sentences.  New evidence witness Joseph Walls.[4]

It is provided in 28 U.S.C. §2254(b) that:

> An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

This statute represents a codification of the well-established concept which requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to that state's highest court for consideration. Preiser v. Rodriguez, 411 U.S. 475 (1973); Braden v.  30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Doctor v. Walters, 96 F.3d 675 (3d Cir. 1996).

It is only when a petitioner has demonstrated that the available corrective process would be ineffective or futile that the exhaustion requirement will not be imposed. Preiser v. Rodriguez, supra.; Walker v. Vaughn, 53 F.3d 609 (3d Cir.  1995).

---

[2] See: Records of the Court of Common Pleas of Beaver County.

[3] See: Answer of the Commonwealth at p.5.

[4] See: Petition at ¶ 13.

2

If it appears that there are available state court remedies, the court must determine whether a procedural default has occurred. If a procedural default has occurred, the court must determine whether cause or prejudice exists for the default, or whether a fundamental miscarriage of justice would result from a failure to consider the claims. Carter v. Vaughn, 62 F.3d 591 (3d Cir. 1995).

In construing § 2254(d)(1), the Court in Williams v. Taylor, 529 U.S. 362, 412-413 (2000) stated:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

In Hameen v. Delaware, 212 F.3d 226, 235 (3d Cir. 2000), the Court determined:

> The Court in Williams v. Taylor held that "[u]nder the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." Williams v. Taylor, further held that "[u]nder the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." The "unreasonable application" inquiry requires the habeas court to "ask whether the state court's application of clearly established federal law was objectively unreasonable." Thus, under the "unreasonable application" clause, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." The Court in Williams v. Taylor made it clear that the

"contrary to" and "unreasonable application"clauses have independent meaning.

In the instant case, the issues which the petitioner seeks to raise here have not been presented to the appellate courts of the Commonwealth for their consideration in the first instance and are thus premature here. However, since his post-conviction petition was denied on June 8, 2005, the time in which to seek appellate review in the courts of the Commonwealth has expired and he can not longer seek relief in those courts.[5]

In Coleman v.Thompson, 501 U.S. 722,750 (1991), the Court held:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice.

Because the petitioner has not made a showing of cause and actual prejudice resulting from this procedural default, nor has he made a showing that a fundamental miscarriage of justice will result if his petition is dismissed, it is recommended that the petition of Che Turner for a writ of habeas corpus be dismissed and that a certificate of appealability be denied.

Within ten (10) days after being served, any party may serve and file written objections to the Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

Respectfully submitted,

s/Robert C. Mitchell,
Dated: August 29, 2005                  United States Magistrate Judge

---

[5] See: Pa.R.App.P. 903(a).